## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VERNON MATTER and ELVIRA MATTER,**

       **Plaintiffs,**

**v.**                                                                   Case No:   6:19-cv-777-Orl-31TBS

**CLEARLAKE VILLAGE HOMEOWNER'S ASSOCIATION, INC. and ASSOCIATION FINANCIAL SERVICES LC,**

       **Defendants.**

## ORDER

This Matter comes before the Court on the Motion to Dismiss (Doc. 4) filed by Defendant Clearlake Village Homeowner's Association , Inc. ("Clearlake"), the Motion to Dismiss (Doc. 9) filed by Association Financial Services ("AFS"), and the Responses (Docs. 10 and 16) filed by the Plaintiffs.

**I.**     **Background**

The Plaintiffs purchased 1514 Clearlake Road # 4 in Cocoa, Florida at a foreclosure auction on June 2, 2013. Doc. 1-1 at 4. The property is subject to the Clearlake Declaration of Covenants and Restrictions, which states that subsequent purchasers are not responsible for delinquent assessment fees of any previous owner. *Id.* At 5. The Plaintiffs allege that they have been repeatedly billed for the previous owner's delinquent assessment fees. The Plaintiffs pay their monthly assessment fees, but because they are being held responsible for the previous owner's delinquent fees, their fees are applied to that balance, which results in the Plaintiffs' own assessment fees being considered delinquent. The Plaintiffs disputed the delinquent assessment fees for the first time just

one month after purchasing the subject property, but, according to the Plaintiffs, they continue to be billed for the previous owner's balance, fees, and interest. The Plaintiffs explain that collection attempts were made by AFS in Clearlake's name, "because AFS was collecting as Clearlake's agent." Doc. 16 at 4. In September of 2016, a lien was filed in Clearlake's name. The Plaintiffs sued Clearlake to quiet title in December of 2016, and about one year after they filed suit, Clearlake disclosed to the Plaintiffs that it had contracted with AFS to collect the delinquent fees. That contract assigned the Plaintiff's allegedly delinquent fees to AFS. Although AFS has controlled the allegedly delinquent fees since January of 2014, AFS attempted to collect fees from the Plaintiffs in Clearlake's name. "On March 13, 2019, Plaintiffs added AFS as a defendant and added class allegations in filing their First Amended Class Action Complaint." Doc. 16 at 6. Clearlake filed a motion to dismiss in state court. AFS removed the case to federal court and subsequently moved to dismiss on April 29, 2019.

## II.   Legal Standards

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a

short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III.     Analysis**

**A. Clearlake's Motion to Dismiss Counts II and IV of the Plaintiff's Amended Complaint**

The Plaintiffs argue that Defendant Clearlake's Motion to Dismiss is moot due to the filing of a contemporaneous answer. However, a partial answer does not moot a partial motion to dismiss when the two involve different counts of the same complaint. *Cf. Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (describing the majority view as one in which parties "*need not* file an answer while a partial motion to dismiss as pending") (emphasis added). Further, the Court notes that permitting such a partial answer before a partial motion to dismiss is filed or while it is pending serves its goal of efficient litigation.

The Court declines to address Clearlake's argument that Counts II and IV are deficient because they fail to comply with Florida state procedural rules. In federal court, federal procedural rules apply.

Clearlake argues that Count II, which alleges that Clearlake violated the FCCPA, should be dismissed because Clearlake is not a debt collector. However, the FCCPA "is not restricted to debt collectors." *Williams v. Educ. Credit Mgmt. Corp.*, 88 F. Supp. 3d 1338, 1343 (M.D. Fla. 2015).

### B. AFS's Motion to Dismiss

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005)). The Plaintiffs have no obligation to "negate an affirmative defense in their complaint." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir.1993)). Here, it is not beyond doubt that the Plaintiffs can prove no set of facts that permit their claims to survive. Indeed, in the Plaintiffs' Response, they articulate several theories as to why their suit is not time-barred, including an argument that their claims against AFS relate back to the original Complaint filing, a continuing violation theory, and a tolling theory based on the discovery rule. It is not apparent that any of these theories fail on the face of the complaint.

### IV. Conclusion

For the foregoing reasons, both Clearlake's Motion to Dismiss (Doc. 4) and AFS's Motion to Dismiss (Doc. 9) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 3, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party